IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MCBRAYER, EQ-2831,        )
      Petitioner,              )
                             )
           v.              )   2:10-cv-162
                             )
MICHAEL W. HARLOW, et al.,        )
      Respondents.             )

Report and Recommendation

I. Recommendation:

      It is respectfully recommended that the petitioner's Motion to Accept his successive

petition (Docket No.4) be denied, and that the matter be transferred to the United States Court of

Appeals for the Third Circuit as a successive petition pursuant to 28 U.S.C. § 1631.

II. Report:

      Robert James McBrayer, in inmate at the State Regional Correctional Facility at Mercer

has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute

in forma pauperis.

      McBrayer is presently serving a seven to twenty year sentence imposed following his

conviction by a jury of Rape and Aggravated Indecent Assault at No. 3345 of 2000 in the

Criminal Division of the Court of Common Pleas of Westmoreland County, Pennsylvania. This

sentence was imposed on April 17, 2001.[1]

---

[1] See: Petition at ¶¶ 1-6.

1

The instant petition was executed on February 13, 2010. However, this is not the first federal challenge that the petitioner has direct at this conviction. McBrayer filed a previous habeas petition in this Court at 2:06-cv-667 challenging that same conviction. The latter petition was dismissed and a certificate of appealability was denied on August 31, 2006. A certificate of appealability was also denied by the United States Court of Appeals for the Third Circuit on April 18, 2007.  The petitioner, recognizing that this is a successive petition has filed a Motion for Authorization to filed a successive petition (Docket No.4) alleging that his earlier petition did not fully raise all matters in that he was impeded from doing so.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is respectfully recommended that the petitioner's Motion to Accept his successive petition (Docket No.4) be denied, and that the matter be transferred to the United States Court of Appeals for the Third Circuit as a successive petition pursuant to 28 U.S.C. § 1631.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,

Entered: March 2, 2010                    United States Magistrate Judge

3